## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEMOCRACY FORWARD
    FOUNDATION,
    655 15th Street NW, Suite 800
    Washington, DC 20005,

        *Plaintiff,*

    v.

UNITED STATES DEPARTMENT OF
    JUSTICE,
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001,

        *Defendant.*

Civil Action No. _____

## **COMPLAINT**

1.    Plaintiff Democracy Forward Foundation brings this action against Defendant the United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  DOJ has failed to sufficiently respond to Democracy Forward's request to produce certain categories of documents relating to DOJ's drafting and publication of the "United States Department of Justice Statement on the PCAST Report: *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods*" (the "Statement"), which was made available on DOJ's website on January 13, 2021.[1]

---

[1] U.S. Dep't of Just., *Statement on the PCAST Report:* Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods (Jan. 13, 2021), *available at* https://www.justice.gov/olp/page/file/1352496/download.

2.     The records Democracy Forward has requested are of significant public importance.  The Statement criticizes a 2016 report by the President's Council of Advisors on Science and Technology, or PCAST, entitled "Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods."[2]  But the Statement is unsigned, unattributed, and unverifiable.  The Statement therefore carries a significant risk of misleading the public as to the current state of scientific discourse regarding forensic techniques.

3.     Democracy Forward submitted a FOIA request to DOJ on March 5, 2021, in an effort to understand the activities surrounding the drafting of the Statement. DOJ has failed to sufficiently respond to Democracy Forward's request; indeed, DOJ has not produced a single document in the intervening ten months. Democracy Forward therefore respectfully requests that the Court compel DOJ to comply with FOIA and respond fully to its request.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

---

[2] *See* PCAST, Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods (Sept. 2016), *available at* https://obamawhitehouse.archives.gov/sites/default/files/microsites/ostp/PCAST/pcast_forensic_science_report_final.pdf.

## PARTIES

6.      Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C.  Democracy Forward works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

7.      Defendant United States Department of Justice is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  DOJ has possession, custody, and control of records to which Democracy Forward seeks access.

## FACTUAL ALLEGATIONS

8.      In September 2016, the President's Council of Advisors on Science and Technology issued a report entitled "Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods."   The report identified weaknesses and areas for improvement in certain forensic methods, and found others—such as footprint comparisons and bitemark analysis—to be lacking in sufficient scientific support to establish their validity.

9.      On January 13, 2021, in the last week of the Trump administration, DOJ published a response to the PCAST report, entitled "United States Department of Justice Statement on the PCAST Report: *Forensic Science in Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods*."   The Statement concludes that the 2016 PCAST Report "contained several fundamentally incorrect

claims."[3]  The Statement is unsigned, and does not give any indication of who wrote it, whether any scientific experts were involved in the drafting process, or how DOJ will use the Statement.

10.    In an effort to better understand, and explain to the public, the relationship of the Statement to scientific discourse around forensic methodology, and the ways in which the DOJ intends for the Statement to be used, Democracy Forward requested the following from DOJ on March 5, 2021:

a. All correspondence related to the Statement (including plans for the Statement and draft versions of the Statement) between DOJ and any scientist or other technical expert who consulted on, reviewed, or contributed to the Statement.

b. All correspondence related to the Statement (including plans for the Statement and draft versions of the Statement) between DOJ and any member of the President's Council of Advisors on Science and Technology.

c. All correspondence related to the 2016 PCAST Report between DOJ and any member of the President's Council of Advisors on Science and Technology.

d. All documents containing DOJ directives or guidance relating to the Statement, including any directives or guidance about how or the extent to which DOJ lawyers should rely on or use the Statement.

e. All documents relating to the development of the Statement, including, but not limited to, documents identifying the individuals who requested the Statement, the individuals who contributed to or drafted the Statement, and the individuals who reviewed the Statement.

f. All correspondence related to the Statement or the 2016 PCAST Report to or from Ted Hunt and any other person, copying Ted Hunt, or mentioning Ted Hunt.

g. All documents related to the Statement or the 2016 PCAST Report prepared by, commented on by, or in the custody of Ted Hunt.

---

[3] Statement on the PCAST Report, *supra* note 1, at 1.

Ex. A, at 2.

11.     Democracy Forward requested that Defendant search for responsive records created between January 20, 2017, and January 19, 2021.  *Id.*

12.     Democracy Forward sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  *Id.*

13.     On April 2, 2021, DOJ's Office of Information Policy, known as OIP, sent an acknowledgement letter by e-mail to Democracy Forward stating that the request was received and assigned to the "complex track" with the tracking number FOIA-2021-00883.  Ex. B, at 1.

14.     After hearing nothing further for the next five months, Democracy Forward sent a letter on September 1, 2021, inquiring about the status of the request. *See* Ex. C.

15.     OIP responded on September 3, 2021.  *See* Ex. D.  OIP provided a list of individuals—that is, custodians—whose records OIP was searching using an eDiscovery system.  *Id.*  OIP stated that, once Democracy Forward confirmed whether it would like to remove officials from that list or narrow the date range on the request, OIP would provide an estimate as to when those searches would be completed.  *Id.*

16.     On October 1, 2021, Democracy Forward counsel responded to OIP with a list of custodians for OIP to prioritize in its review.  *See* Ex. E.  As of the date of

filing, OIP has not responded with an estimate as to when the custodial searches will be completed.

17.     In its September 3 response, OIP had also offered to provide an interim production of official records from the Departmental Executive Secretariat.  *See* Ex. D. OIP estimated that interim production would be produced within four to six weeks. *Id.*

18.     Six weeks later, on October 15, 2021, Democracy Forward received another e-mail from OIP, informing Democracy Forward that it should expect an additional delay of six to seven more weeks before receiving the interim production. Ex. F.

19.     After the additional seven weeks had passed, Democracy Forward sent an e-mail, on December 7, 2021, to inquire about the status of the interim production. Ex. G.

20.     As of the date of filing, DOJ has not responded to the December 7 e-mail.

21.     On January 11, 2022, Democracy Forward Foundation sent a letter to OIP noting this series of delays, and requesting that by January 18, 2022, DOJ provide the promised interim production, as well as a schedule setting forth confirmed dates on which Democracy Forward can expect the production of custodial documents on a rolling basis. *See* Ex. H.

22.     As of the date of filing, DOJ has not responded to the January 11 letter.

23.     In short, as of the date of this Complaint, Democracy Forward has not received a single document from DOJ in the more than ten months since its initial

request, and the more than four months since an interim production was promised within four weeks.  Nor has DOJ provided a satisfactory explanation as to why it has failed to comply with its statutory deadlines.  Indeed, DOJ has not communicated with Democracy Forward in more than three months, despite multiple efforts at outreach by Democracy Forward.

24.    Accordingly, DOJ has failed to adequately notify Democracy Forward whether it will comply with its FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i), and has likewise failed to produce all requested records or demonstrate that DOJ is lawfully exempt from production, *see id.* § 552(a)(6)(C).  DOJ has also failed to notify Democracy Forward of the scope of any responsive records it intends to produce or withhold, the reasons for any such withholdings, and Democracy Forward's right to appeal any adequately specific, adverse determinations.

25.    Because DOJ has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that DOJ could have claimed, Democracy Forward is "deemed to have exhausted [its] administrative remedies."  *See id.* § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

#### DOJ's Failure to Respond to Request Within the Prescribed Period

26.    Plaintiff Democracy Forward Foundation repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.    By failing to respond to Democracy Forward's request within the statutorily prescribed time limit, DOJ has violated its duties under the FOIA,

including but not limited to its duty to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

28.     Democracy Forward is being irreparably harmed by DOJ's violation of the FOIA and will continue to be irreparably harmed unless DOJ is compelled to comply with the FOIA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Democracy Forward Foundation respectfully requests that the Court:

1.     order DOJ to conduct searches for any and all responsive records to Democracy Forward's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA request;

2.     order DOJ to produce, by a date certain, any and all nonexempt records responsive to Democracy Forward's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.     enjoin DOJ from continuing to withhold any and all nonexempt records responsive to Democracy Forward's FOIA request;

4.     order DOJ to grant Democracy Forward's request for a fee waiver;

5.     grant Democracy Forward an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6.     grant any other relief this Court deems appropriate.

Dated: January 19, 2022           Respectfully submitted,

*/s/ Jessica Anne Morton*
Jessica Anne Morton (DC Bar No. 1032316)
Samara M. Spence (DC Bar No. 1031191)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
sspence@democracyforward.org

*Counsel for Plaintiff*